UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANTOINETTE ROBINSON,

    Plaintiff,

v.                                        Case No. 10-C-0532

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

**DECISION AND ORDER**

On June 25, 2010, the plaintiff, Mary Antoinette Robinson ("Robinson"), filed a pro se complaint against the Social Security Administration. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Before authorizing Robinson to proceed in forma pauperis, this court must determine if the litigant would be unable to pay the costs of commencing this action and still provide for herself and for her dependents the "necessities of life." *Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987). Additionally, where the litigant cannot pay the full filing fee but is economically able to pay a portion thereof, it is within this court's discretion to order a partial payment of the filing fee while

waiving the remainder. *Bryan v. Johnson*, 821 F.2d 455, 457 (7th Cir. 1987) (citing *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980)).

In her petition and affidavit for leave to proceed in forma pauperis, Robinson states that currently, she is not employed. She owns a 1993 Buick Roadmaster. Robinson states that she does not own a residence and that she does not have a cash, checking, savings, or other similar account. It appears that she has no other assets. Robinson also reports that she has no monthly expenses.

Based on the foregoing, I am satisfied that Robinson is indigent for purposes of the in forma pauperis statute. That is, given her unemployed status, I am persuaded that she is unable to pay the costs of commencing this action.

However, before allowing a plaintiff to proceed without paying costs, a court must also determine that the action is not frivolous or malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). An action is frivolous, for purposes of § 1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an "indisputably meritless legal theory" or where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). At this stage, all factual allegations of the complaint are taken as true. *See id.* at 612. Such allegations must be viewed liberally and in the light most favorable to the

plaintiff. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999). A complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Accepting a plaintiffs' allegations as true, "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In other words, the plaintiff must allege enough factual content to "'nudg[e]' [her] claim . . . 'across the line from conceivable to plausible.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 544).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for [her] allegations or prove [her] claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. "However, the court is not required to "ignore any facts alleged in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

Robinson's complaint appears to allege that the defendant misspelled her middle name on her birth certificate and Social Security card. Robinson also attached a document indicating that she applied for a new Social Security card on June 23, 2010 and that she should receive it within two weeks.

Even affording Robinson's complaint a liberal construction, the court finds that she fails to state a claim under any federal law or under the United States Constitution. She fails to provide a

3
Case 2:10-cv-00532-WEC   Filed 07/13/10   Page 3 of 4   Document 5

citation to any statutory authority that entitles her to the relief that she seeks (which is $50 million in compensation), and therefore, the complaint simply fails to provide facts that, if proven, would entitle Robinson to relief in this court.

Because Robinson's complaint fails to state a claim, her motion to proceed in forma pauperis will be denied and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**SO ORDERED** this 13th day of July 2010 at Milwaukee, Wisconsin.

> **BY THE COURT**:
>
> s/ William E. Callahan, Jr.
> WILLIAM E. CALLAHAN, JR.
> United States Magistrate Judge